# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| CHAZZARAY JONES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Nos.: 1:14-CR-028-HSM-CHS-3 |
| | ) | 1:15-CV-339-HSM |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & OPINION

This is a pro se prisoner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. 151[1]]. Respondent has filed a response in opposition thereto [Doc. 160]. For the reasons set forth below, the Court finds that Petitioner's § 2255 motion [Doc. 151] is without merit and it will be **DENIED**.

### I.     BACKGROUND

Petitioner pleaded guilty to conspiracy to distribute and possession with intent to distribute cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(C) [Doc. 43 p. 1]. In his plea agreement, Petitioner specifically admitted that "he had been receiving cocaine from [a codefendant] for six or seven years. [Petitioner] said that he obtained '8-ball' quantities (approximately 3.5 grams) from [his codefendant] two or three times a week during this period" [*Id.* at 4]. Petitioner also acknowledged that he had a previous conviction for possessing cocaine for resale and that he could therefore be sentenced to up to thirty years' imprisonment [*Id*. at 1]. A supplement to the plea agreement further provided that the United States agreed not to use any self-incriminating information Petitioner provide pursuant to the plea

---

[1] All citations to the record are to Criminal Case No. 1:14-CR-028-HSM-CHS-3.

agreement except information known to the United States prior to entry into the plea agreement, among other things [Doc. 44 p. 2].

At Petitioner's rearraignment hearing, where he entered his plea of guilty, Petitioner was informed that he was facing a range of punishment of zero to thirty years in jail for the conviction and that any prior convictions would increase his sentence [Doc. 156 p. 4 and 19]. Petitioner also stated at this hearing that, aside from what was in the plea agreement, no one had promised him or suggested to him that he would receive a lighter sentence for pleading guilty [*Id.* at 14–15].

Petitioner did not file an appeal of the judgment against him. Rather, Petitioner filed the instant § 2255 motion in which he sets forth two claims for ineffective assistance of counsel.

First, Petitioner asserts that counsel was ineffective for misadvising him as to his sentencing exposure [Doc. 152 p. 4–9]. Specifically, Petitioner alleges that counsel advised him that he faced a sentence of less than two years if he signed the plea agreement and that he would not have pleaded guilty if he had known that he was a career offender facing a sentence of 188–235 months [*Id.* at 6].

Petitioner also asserts that counsel was ineffective for not objecting to the amount of cocaine attributed to him in the presentence investigation report ("PSR") [*Id.* at 7]. Specifically, Petitioner states that on March 24, 2014, he gave an agent information that was used to calculate the amount of cocaine attributable to him in the PSR because the agent told him that any truthful thing he said would not hurt him, but instead would help him [*Id.*]. Petitioner also states that he gave the same substantive information to other agents after entering his plea agreement [*Id.*]. Petitioner therefore relies on the fact that the supplement to the plea agreement provided that the United States would not use any self-incriminating information he provided after entering into the plea agreement for sentencing purposes unless he used false or misleading information to assert

that counsel was ineffective for not challenging the amount of drugs attributed to him in the PSR [*Id.*].

## II.     APPLICABLE LAW

The Sixth Amendment provides, in pertinent part: "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense."  U.S. Const. amend. VI.  A defendant has a Sixth Amendment right not just to counsel, but to "reasonably effective assistance" of counsel.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In *Strickland*, the Supreme Court set forth a two-pronged test for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient.  This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.   Second, the defendant must show that the deficient performance prejudiced the defense.  This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.  Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland*, 466 U.S. at 687.  As with any other claim under § 2255, the burden of proving ineffective assistance of counsel is on the petitioner.  *Virgin Islands v. Nicholas*, 759 F.2d 1073, 1081 (3d Cir. 1985).

In considering the first prong of *Strickland*, the appropriate measure of attorney performance is "reasonableness under prevailing professional norms." *Strickland*, 466 U.S. at 688. A party asserting an ineffective assistance of counsel claim must "identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment." *Id.* at 690. The evaluation of the objective reasonableness of counsel's performance must be made "from

counsel's perspective at the time of the alleged error and in light of all the circumstances, and the standard of review is highly deferential." *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986).

The second prong of the *Strickland* test requires a claimant to show counsel's deficient performance prejudiced the defense. Thus, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691.

Where a petitioner pleaded guilty, he must show that, but for counsel's deficient performance, he would not have pleaded guilty in order to establish prejudice. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). To demonstrate a reasonable probability that he would have gone to trial, the petitioner must present evidence apart from a lone assertion that but for counsel's error he would have pleaded not guilty and gone to trial. *Id.* at 59.

The Supreme Court has emphasized a claimant must establish both prongs of a claim for ineffective assistance of counsel in order to meet his burden, and if either prong is not satisfied, the claim must be rejected. *Strickland*, 466 U.S. at 69.

### III. ANALYSIS

Petitioner has failed to establish that he is entitled to relief under § 2255 for his claims of ineffective assistance of counsel.

First, even if the Court accepts Petitioner's allegation that counsel misadvised him as to his sentencing exposure as true, Petitioner's correct sentencing exposure was set forth in the plea agreement [Doc. 43 p. 1] and in statements at Petitioner's rearraignment hearing [Doc. 156 p. 4 and 19] made prior to Petitioner pleading guilty. Further, Petitioner explicitly stated at his rearraignment hearing that no one had promised him a lighter sentence for pleading guilty other than what was contained in his plea agreement [*Id.* at 14-15]. "[S]olemn declarations in open court

4

carry a strong presumption of verity," *Blackledge v. Allison*, 431 U.S. 63, 74 (1977), and a petitioner is bound by such statements where the court has followed Rule 11 procedure. *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986). Accordingly, this claim for ineffective assistance of counsel is without merit.

Petitioner's claim that counsel was ineffective for not objecting to the amount of cocaine attributed to him in the PSR also fails. While Petitioner asserts that he provided the information used in the PSR to calculate the amount of cocaine attributable to him to agents after he had entered into his plea agreement, Petitioner acknowledges that he also provided this information to an agent prior to the plea agreement.[2] As such, the use thereof for sentencing purposes was not improper and counsel had no reason to object thereto. *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001) (stating that "[b]y definition, . . . counsel cannot be ineffective for a failure to raise an issue that lacks merit."); *Krist v. Folz*, 804 F.2d 944, 946–47 (6th Cir. 1986) (holding that "[a]n attorney is not require[d] to present a baseless defense or to create one that does not exist.").

Moreover, Petitioner acknowledges that he was a career offender with a prior drug conviction whose total offense level would have been thirty-four regardless of the amount of cocaine attributed to him [Doc. 152 p. 8]. Thus, while miscalculation of a defendant's Guidelines range can be procedural error, *Gall v. United States*, 552 U.S. 38, 51 (2007), any such procedural error did not prejudice Petitioner. As such, it would not entitle Petitioner to relief under § 2255 for a claim of ineffective assistance of counsel.

---

[2] While Petitioner states that he provided this information prior to his plea agreement because he understood that the information would not be used against him, Petitioner has not set forth anything to suggest that he provided the information without prior *Miranda* warnings or in any other manner that may have violated his constitutional rights. Moreover, under the § 2255 waiver provision in the plea agreement, Petitioner could not have asserted such a claim [Doc. 43 p. 8].

Accordingly, Petitioner has failed to establish that he is entitled to relief for his claims of ineffective assistance of counsel.

## IV.     CONCLUSION

For the reasons set forth above, Petitioner is not entitled to relief under § 2255 and his § 2255 motion [Doc. 151 will be **DENIED**.  Thus**,** under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability ("COA") should be granted.  A COA should issue if petitioner has demonstrated a "substantial showing of a denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To warrant a grant of a COA, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473 (2000).  After reviewing Petitioner's claims for ineffective assistance of counsel, the Court finds that reasonable jurists could not conclude that they deserve further review, as Petitioner has failed to make a substantial showing of the denial of a constitutional right.  Accordingly, a COA will not issue.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Accordingly, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal.  *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE JUDGMENT ORDER WILL ISSUE.**

**E N T E R :**

 

 

      */s/ Harry S. Mattice, Jr.*_____
      HARRY S. MATTICE, JR.
      UNITED STATES DISTRICT JUDGE